# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Criminal Docket No.:  3:93CR149
### Civil Docket No.: _____

| | |
|---|---|
| **UNITED STATES OF AMERICA**   ) | |
| ) | |
| **v.**   ) | **O R D E R** |
| ) | |
| **GLENDA MARIE PORTER,**   ) | |
|   **Defendant.**   ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's "Motion For Modification Pursuant To Title 18 U.S.C. §3582(c)(2) and 2241(d) as well as Eliminate Enhancements, Reduce Sentence And Modify Judgment And Commitment," filed March 31, 2005. (Document #176)

On December 6, 1993, Defendant was convicted on Count One of the Bill of Indictment, namely, drug conspiracy in violation of 21 U.S. C. §846.  On March 28, 1994, this Court sentenced Defendant to 168 months imprisonment.  On February 10, 1995, Defendant's conviction and sentence were affirmed by the Fourth Circuit Court of Appeals. Defendant also sought post-conviction relief pursuant to 28 U.S.C. §2255 but was unsuccessful.  More recently, the Fourth Circuit denied Defendant's motion under 28 U.S.C. §2244 for authorization to file a successive §2255 petition.

Defendant has now filed a document challenging her sentence based upon the Supreme Court's ruling in <u>United States v. Booker / Fanfan</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed 2d 621 (2005).[1]  More specifically, Defendant alleges that her sentence cannot

---

[1] In <u>Booker</u>, the Supreme Court held in part that certain mandatory provisions of the United States Sentencing Guidelines were unconstitutional.  The Supreme Court found that

be sustained because certain facts which lengthened her sentence, namely, drug quantity and criminal history category, were not determined by a jury beyond a reasonable doubt.[2]

In light of the Booker claim, Defendant's filing is most properly construed as a Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255. *See generally*, United States v. Emmanuel, 288 F. 3d 644 (4th Cir.2002).[3] Because Defendant has already sought relief under Sections 2255 and 2244, Defendant's filing is subject to summary dismissal as a successive §2255 petition.

Moreover, even if Defendant's filing were not deemed successive, Booker has not been recognized as retroactive by the Supreme Court. Indeed, the Fourth Circuit recently held that the rule announced in Booker was not a watershed rule warranting retroactive application. United States v. Morris, 429 F.3d 65, 72 (4th Cir.2005)(criminal defendant unable to raise Blakely or Booker claim for the first time in §2255 petition when judgment of conviction became final before the Supreme Court decided Booker).

Similarly, there is no reason to believe that the Supreme Court will reach a different

---

portions of the guidelines should be considered as merely "advisory" by federal sentencing judges.

[2] Defendant appears to contend that the Court should not have relied upon prior convictions in determining her criminal history category for purposes of calculating the guidelines sentence. However, Apprendi expressly excluded prior convictions from its holding. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

[3] Generally, the Court is required to notify the Defendant if it intends to recharacterize a motion as a §2255 petition. Emmanuel, 288 F. 3d at 649. In addition, the Court must provide the Defendant with an opportunity to respond, an opportunity to supplement her motion, and explain the relevant law. Id. In cases where no adverse consequences will ensue, however, the movant is not entitled to the above-mentioned procedures prior to recharacterization of the filing. Emmanuel, 288 F.3d at 650.

conclusion. Given the Supreme Court's characterization of the holding in Ring v. Arizona[4], and the decision that it does not satisfy the test for retroactive application, the Supreme Court is unlikely to reach a different result regarding Apprendi, Blakely, or Booker. *See* Schriro v. Summerlin, 124 S.Ct. 2519, 2626 (2004)(Ring "announced a new procedural rule that does not apply retroactively to cases already final on direct review.") Therefore, Defendant's Motion To Vacate is dismissed.

Finally, Defendant cannot proceed in this Court pursuant to 28 U.S.C. §2241. 28 U.S.C. §2241(d); United States v. Miller, 871 F.2d 488, 490 (4th Cir.1989)("Judicial review must be sought under 28 U.S.C. §2241 in the district of confinement rather than in the sentencing court.")

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Defendant's motion is construed as a Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255;

2.   The Deputy Clerk shall assign this matter a new civil case number;

3.   Defendant's motion for modification of sentence is **DENIED**;

4.   Defendant's motion pursuant to §2241 is **DENIED**;

5.   To the extent Defendant requests a compassionate release or home confinement, her motion is likewise **DENIED**; and

6.   The Clerk shall send copies of this Order to the Defendant and the United States Attorney's Office.

---

[4] Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)(applying principles announced in Apprendi to a capital sentencing scheme under Arizona state law).

Signed: February 2, 2006

*[signature]*

Richard L. Voorhees
Chief United States District Judge